511 P.2d 737

**HIDDEN MEADOWS DEVELOPMENT CO.,** successor in interest of East Heber Development Company, Plaintiff and Appellant,

v.

**Dee MILLS et al., Defendants and Respondents.**

No. 13076.

Supreme Court of Utah.

July 5, 1973.

Cullen Y. Christensen, of Christensen, Taylor & Moody, Provo, for plaintiff-appellant.

Gordon I. Hyde, Salt Lake City, for defendants-respondents.

ELLETT, Justice.

The appellant and its predecessors in interest will be referred to as the plaintiff, while the respondents will be referred to as defendants.

On December 28, 1964, the defendants gave to plaintiff an option to purchase land for a specified sum at any time before midnight of December 31, 1965. The last paragraph of the agreement reads:

Time is of the essence of this contract. This contract is automatically renewed from year to year unless notice of cancellation is given by either party prior to October 1 of any year.

The plaintiff was given the right to terminate the option apparently because defendants were leasing land from the plaintiff which adjoins that covered by the option, and for which the defendants were to pay $1,200 per year.

There is a dispute between the parties as to whether the lease was a part of the option. The plaintiff claims that the rental money was to be deducted from the price of the land upon the exercise of the option. Regardless of what the agreement was, no cash was paid for rent after about 1960.

The option in question was the third one given, and the amount to be paid was $91,400. The first option dated March 26, 1963, was for $100,000. The second was dated October 11, 1963, and was for $92,800. On October 10, 1963, the day before the second option was given, the plaintiff paid $5,000 to the defendants.

It seems clear that when neither party gave notice of cancellation prior to October 1, 1970, the option was renewed for the year 1971 and would not expire prior to midnight of December 31, 1971; and unless notice of cancellation should be given prior to October 1, 1971, it would automatically be renewed for the year 1972. However, notice of cancellation was given by the defendants to the plaintiff on

September 4, 1971, and so by its clear terms the option which had been automatically extended for the year 1971 would terminate as of midnight December 31 following.

The plaintiff elected to exercise its option on September 28, 1971, and so notified the defendants. The defendants refused to acknowledge the option, claiming that it has been terminated as of September 4, 1971. This lawsuit followed.

The trial judge permitted the defendants Dee Mills and Evelyn I. Mills to testify as follows:

EVELYN MILLS: A. Well, he wanted us to renew this option, and we read it over, and there's a phrase in there, that's in there, it says it's renewable from year to year, and I didn't like that phrase in there.

Q. Did he explain to you what it meant?

A. Well, he just laughed, and he says, "Don't worry about it. He says, "You can cancel me out any time." He says, "We won't worry about that."

DEE MILLS: A. I said, "We might as well sign it. It says here we can cancel it at any time, and that's what he says it means."

Based upon that testimony the trial judge concluded that he should reform the contract by adding the following sentence: "In other words, either party can between January 1st and October 1st of any given year terminate this agreement by giving notice to the other of their intention to terminate the same."

In the judgment signed by the court no reference is made of the reformation of the agreement.

The judge stated that he did not think the agreement needed to be reformed. He also held that the agreement was void because "there was no consideration paid and for the further reason that it violates the Rule Against Perpetuities."

A case most nearly supporting the contention of the defendants is that of Starcher Bros. v. Duty, 61 W.Va. 373, 56 S.E. 524, 9 L.R.A. (N.S.) 913 (1907), wherein an option was held void. There the contract provided for an option for one year and for additional years thereafter so long as the optionee paid a stipulated sum of money.

That case is not controlling here for the reason that the landowner was obligated to convey at a time in the future which could be beyond the lives in being plus 21 years. The landowner was impotent to prevent the option from continuing from year to year.

In the instant matter the optionee (plaintiff) has no such right. It only has an assurance of an option for the next ensuing year, and that by the permission of the landowners (defendants), to wit, by

their failure to cancel prior to October 1. The option does not violate the rule against perpetuities. There was nothing in the contract to indicate that the parties intended the option to continue for an unlimited duration. It was merely a year-to-year option, subject to be defeated at the express desire of either party. It could not exist for more than 15 months after notice of cancellation was given, and for a lesser time if notice should be given prior to the end of September. The option is good for one year only, and it can be renewed by an additional year only in case the defendants want it to be renewed. They manifest that wish by failing to give notice of cancellation prior to October 1 of any given year.

A contract should be reformed only when its terms are so vague that the intention of the parties cannot be ascertained therefrom. In the contract under consideration in this matter we think the language is clear, certain, definite, and unambiguous. As the judge said, there is no need for reformation. We do not understand the language used to justify the ruling made. We also think the forebearance to collect $1200 per year as rent from the defendants was a sufficient consideration to support the option.

It thus appears that the option was not void, and since the plaintiff complied with the agreement in exercising its option, the plaintiff is entitled to have specific performance in accordance therewith.

The judgment is reversed and remanded for appropriate orders in consonance with this opinion. Appellant is entitled to its costs.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.